UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
JESSE SKINNER,                                )
                                              )
                        Plaintiff,            )
                                              )
v.                                            )          Civil Action No.  09-0725  (PLF)
                                              )
UNITED STATES DEPARTMENT                      )
OF JUSTICE, *et al.*,                         )
                                              )
                        Defendants.           )
_____      )

MEMORANDUM OPINION

This matter is before the Court on the Second Renewed Motion for Summary

Judgment filed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE").

Having carefully considered the motion, the opposition and the reply, and for the reasons stated

below, the motion will be granted.

I.  BACKGROUND

Plaintiff brought this action under the Freedom of Information Act ("FOIA").  *See*

5 U.S.C. § 552.  The sole matter remaining for resolution in this case is the decision of the

United States Citizenship and Immigration Service ("USCIS") to withhold certain information

from a one-page document.  *See Skinner v. U.S. Dep't of Justice*, 806 F. Supp. 2d 105, 116

(D.D.C. 2011).[1]  The document is described as "a printout of information from a Privacy Act

_____

[1]      Plaintiff initially submitted his FOIA request to the BATFE.  Defs.' Mem. of P. & A. in
Supp. of the Mot. to Dismiss In Part, and Alternatively, for Summ. J. [Dkt. #18], Decl. of Averill
P. Graham ("Graham Decl.") ¶ 19.  In relevant part, the request read:

system of records commonly referred to as *The Enforcement Communications System* (formerly,

*Treasury Enforcement Communications System* (TECS)).”  Mem. of P. & A. in Supp. of Defs.’

Renewed Mot. for Summ. J. [Dkt. #55] (“Def.’s Renewed Mot.”), Ex. 4 (Decl. of Jill A.

Eggleston (“Eggleston Decl.”)) ¶ 5.  A fuller description of the document, titled “TECS II –

Person/Subject Entry screen printout,” is included in the BATFE’s *Vaughn* Index:

> The screen print in questions [sic] displays information maintained
> by the government on Jesse Manuel Skinner in the U.S.
> Department of Homeland Security DHS/CBP-011 TECS database,
> such as, name, physical identifiers, social security number, known
> resident [sic] address and date of birth.  Also displayed in the
> screen print is the strategy for apprehending Skinner; name and
> duration of posting of the operation under which the apprehension
> was orchestrated and undertaken; and name of reporting law
> enforcement officer, individual identification and contact numbers,
> and computer access codes.

Def. BATFE’s Mem. in Supp. of its Second Renewed Mot. for Summ. J. [Dkt. #73] (“BATFE

Mem.”), *Vaughn* Index at 1.

The USCIS initially relied in part on Exemptions 2 and 7(E) to redact from the

printout “internal computer codes, an unpublicized investigation technique, and the names and

employee identification numbers of federal law enforcement officers involved in the matter.”

———————————————

> This letter serves as a FOIA request . . . for copies of any and all
> records created and received by the Biloxi, Mississippi Field
> Office for the [BATFE] in regards to myself – JESSE SKINNER.
> In addition, this is a request for an index of any and all files
> maintained by the [BATFE] in reference to me.

*Id.*, Graham Decl., Ex. Q (Letter from plaintiff to BATFE, Biloxi, Mississippi Field Office, dated
July 3, 2007) at 1.  The BATFE referred the one-page document to the USCIS from whence it
came.  *Id.*, Graham Decl. ¶ 29 & Ex. AA (Letter to Brian J. Welsh, FOIA Officer, USCIS, from
Suzanne Placanica, Disclosure Specialist, BATFE, dated December 13, 2007).

Def.'s Renewed Mot., Eggleston Decl. ¶ 7; *see id.*, Ex. D (*Vaughn* Index) at 2-3.[2]  In light of the

Supreme Court's ruling in *Milner v. Dep't of the Navy*, __ U.S. __, __, 131 S. Ct. 1259, 1264-71

(2011), the USCIS now has abandoned its reliance on Exemption 2.  It "has reviewed the

redactions and determined that [Exemption 7(E)] is equally applicable."  BATFE Mem. at 2.

## II.  DISCUSSION

### A.  Summary Judgment in a FOIA Case

"FOIA cases typically and appropriately are decided on motions for summary

judgment."  *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).

The Court grants summary judgment if the movant shows that there is no genuine dispute as to

any material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In a

FOIA action to compel production of agency records, the agency "is entitled to summary

judgment if no material facts are in dispute and if it demonstrates 'that each document that falls

within the class requested either has been produced . . . or is wholly exempt from the [FOIA's]

inspection requirements.'"  *Students Against Genocide v. Dep't of State*, 257 F. 3d 828, 833

(D.C. Cir. 2001) (quoting *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir.

1978)).  Summary judgment may be based solely on information provided in an agency's

supporting affidavits or declarations if they are relatively detailed and when they describe "the

documents and the justifications for nondisclosure with reasonably specific detail, demonstrate

that the information withheld logically falls within the claimed exemption, and are not

---

[2]      The names and identification and contact numbers of law enforcement officers properly have been withheld under Exemption 7(C).  *See Skinner v. U.S. Dep't of Justice*, 806 F. Supp. 2d at 114-15.  In addition, the USCIS "properly has redacted from the TECS screen printout information pertaining to the techniques, procedures and guidelines for action in an ongoing criminal law enforcement operation," set forth in an all-points bulletin.  *Id.* at 116.

controverted by either contrary evidence in the record nor by evidence of agency bad faith."
*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see Beltranena v. Clinton*,
770 F. Supp. 2d 175, 182 (D.D.C. 2011).

   Plaintiff's opposition to the BATFE's pending motion discusses only his desire to
obtain trial exhibits which had been filed in the United States District Court for the Southern
District of Mississippi. *See generally* Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. [Dkt.
#76] ("Pl.'s Opp'n") ¶¶ 3, 5-7, 12-25. According to plaintiff, defendant is "not being
forthcoming with all information relevant to this instant case at bar," *id.* ¶ 12, because an
employee of the Drug Enforcement Administration ("DEA") allegedly obtained the trial exhibits
from the district court, *id.* ¶ 12, at a time when plaintiff's motions for release of these exhibits
were pending both in the District of Mississippi and the District of Columbia. *Id.* ¶ 14. All
FOIA issues regarding the DEA's response to plaintiff's FOIA request have been resolved. *See
generally Skinner v. U.S. Dep't of Justice*, 744 F. Supp. 2d 185 (D.D.C. 2010). Furthermore, this
Court already has ruled that the United States District Court for the Southern District of
Mississippi is not subject to the FOIA, and that any trial exhibits kept there are not agency
records responsive to plaintiff's FOIA request to the BATFE. *See* Order, *Skinner v. U.S. Dep't
of Justice*, No. 09-0725 (D.D.C. filed Jan. 18, 2011). Wholly absent from plaintiff's opposition
to the pending motion is any discussion of the BATFE's argument that the USCIS properly
withheld TECS access codes under Exemption 7(E).

   Ordinarily, the Court may treat as conceded any argument raised in a motion
which the opposing party fails to address. *See, e.g., Augustus v. McHugh*, __ F. Supp. 2d __, __,
2012 WL 2512930, at *4 (D.D.C. July 2, 2012) (where plaintiff's "opposition did not challenge
the Secretary's proffered justifications under FOIA for having redacted [information,]" the

arguments were "deemed conceded, and summary judgment [was] entered in favor of the Secretary"); *People for the Ethical Treatment of Animals v. Nat'l Inst. of Health,* 853 F. Supp. 2d 146, 151 (D.D.C. Apr. 10, 2012) ("Plaintiff also did not respond to defendant's arguments with respect to Count I or Count III in its opposition to defendant's motion for summary judgment," and, accordingly, "the Court . . . treat[ed] Count I and II as conceded and . . . dismiss[ed] these claims without prejudice"); *see also* LCvR7(h)  In these circumstances, however, the Court will discuss briefly the applicability of Exemption 7(E) to USCIS's redactions from the TECS screen printout at issue.

### B.  Exemption 7(E)

Exemption 7(E) protects from disclosure law enforcement records "to the extent that the production of such . . . information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  There is no dispute that the records responsive to plaintiff's FOIA request, including the one-page document at issue, were compiled for law enforcement purposes.  *See Skinner v. U.S. Dep't of Justice*, 744 F. Supp. 2d at 206.

Courts have held that information pertaining to law enforcement techniques and procedures properly is withheld under Exemption 7(E) where disclosure reasonably could lead to circumvention of laws or regulations.  *See, e.g., Morley v. Cent. Intelligence Agency,* 453 F. Supp. 2d 137, 157 (D.D.C. 2006) (approving the withholding of information pertaining to security clearances and background investigations on the ground that "disclosure . . . would risk circumvention of those processes in the future"), *rev'd on other grounds,* 508 F.3d 1108 (D.C. Cir. 2007).

1. TECS Database

It is helpful first to review defendant's description of TECS:

> TECS is a comprehensive computerized law enforcement and communications information system . . . designed to identify individuals and organizations suspected of involvement in violations of federal law.  TECS is principally owned and managed by DHS's U.S. Customs and Border Protection (CBP), and is CBP's principal law enforcement and anti-terrorism information system.  This system is comprised of several modules designed to collect, maintain, screen, analyze, and share information via secure links to telecommunications devices and computers of law enforcement agencies.  For example, TECS provides direct access to other major law enforcement systems of records, including the U.S. Department of Justice's National Crime Information Center (NCIC), the National Law Enforcement Telecommunications System (NLETS), and the Canadian Police Information Centre (CPIC).  In addition to CBP, TECS has users from other federal agencies, including U.S. Immigration and Customs Enforcement (ICE); the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE); Federal Bureau of Investigation (FBI); the Internal Revenue Service (IRS); and the Drug Enforcement Administration (DEA), to name a few.

BATFE's Mem., *Vaughn* Index at 1 (page numbers designated by the Court).  Records maintained in TECS include those "pertaining to known or suspected violators, wanted persons, persons of interest for law enforcement and counterterrorism purposes, reference information, [and] regulatory and compliance data."  *Id.*, *Vaughn* Index at 1.  Access to TECS is strictly limited:

> All government law enforcement officers and employees authorized to execute TECS inquiries have had a full field background investigation, database training, and are given access to information on a need-to-know basis only.  DHS relies on strict access controls, passwords and background checks for individuals accessing the data, and regular system audits that monitor, track and report on all access to system data to ensure that TECS data is being handled consistent with all applicable federal laws and regulations regarding privacy, data integrity and national security.

*Id.*, *Vaughn* Index at 2.

2.   Computer Access Codes Withheld Under Exemption 7(E)

The USCIS invokes Exemption 7(E) "to protect internal computer access codes associated with a hyper-sensitive law enforcement database containing homeland security information, *i.e.*, TECS."  BATFE Mem., *Vaughn* Index at 3.  These codes "not only facilitate access to and navigation through TECS, but are also tied to the means to identify, monitor, track, audit and, when necessary, block, pursue, apprehend and/or prosecute unauthorized users."  *Id.* Each access code is assigned to an individual user, and for this reason, public disclosure of a user's access code would (1) permit unauthorized users to avoid recognition, instant detection and apprehension, (2) give them "near-unfettered access to one of the nation's most critical electronic law enforcement infrastructures", and (3) "arm these intruders with the ability to irreparably corrupt the integrity" of TECS data by altering or manipulating it.  *Id.*  Dissemination of user codes also would allow the intruders to evade detection of their criminal activity by "alter[ing] their patterns of conduct, adopt[ing] new methods of operation, relocat[ing]," or "effectuat[ing] other countermeasures," such that ongoing investigations are affected.  *Id.* Further, the declarant states that unauthorized access to TECS by computer hackers endangers ongoing investigations "by exposing informants, witnesses, and other highly sensitive information," leading, for example, to witness intimidation and destruction of evidence.  *Id.* Lastly, because the CBP's law enforcement databases are connected to databases maintained by other federal agencies, the declarant explains that any "distortion of . . . information contained in [TECS] could . . . impair[] other agencies' law enforcement operations and missions."  *Id.*

D.C. Circuit precedent "sets a relatively low bar for the agency to justify withholding" information under Exemption 7(E).  *Blackwell v. Fed. Bureau of Investigation*, 646 F.3d 37, 42 (D.C. Cir. 2011).  The exemption allows for withholding "not just for circumvention

of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention,

but for an expected risk; not just for an undeniably or universally expected risk, but for a

reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the

chance of a reasonably expected risk." *Mayer Brown LLP v. Internal Revenue Serv.,* 562 F.3d

1190, 1193 (D.C .Cir. 2009).  Here, the declarant not only describes the TECS database in detail,

but also explains the link between disclosure of authorized users' access codes and the many

ways individuals could exploit the information to circumvent the law or to corrupt the database

itself.  Although the computer access codes are not themselves "guidelines for law enforcement

investigations or prosecutions" entitled to categorical protection under Exemption 7(E), the

declarant adequately demonstrates that release of the codes "would disclose guidelines for law

enforcement investigations or prosecutions[, and that] such disclosure could reasonably be

expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).

       The Court concludes that the USCIS's decision to redact the TECS access codes

is appropriate under Exemption 7(E).  *See, e.g., Miller v. U.S. Dep't of Justice*, __ F. Supp. 2d

__. __, 2012 WL 2552538, at *13 (D. D.C. July 3, 2012) (withholding TECS numbers relating to

procedures concerning use of law enforcement resources and databases and TECS case program

and access codes on the ground that "disclosing [them] would expose a law enforcement

technique, promote circumvention of the law by allowing criminals to conceal their activity, or

allow fraudulent access to DEA's databases."); *McRae v. U.S. Dep't of Justice*, __ F. Supp. 2d

__, __, 2012 WL 2428281, at *14 (D.D.C. June 27, 2012) (redacting "codes, case numbers, and

other computer information pertaining to the TECS, NCIC, and databases maintained by the

North Carolina authorities are techniques and procedures for law enforcement investigation");

*Bloomer v. U.S. Dep't of Homeland Sec.*, __ F. Supp. 2d __, __, 2012 WL 1574468, at *8 (D. Vt.

May 3, 2012) (redacting "various codes and case numbers," including the TECS Record ID,

because disclosure of "internal instructions, codes, and guidance would reveal both a law

enforcement technique and an internal investigative practice," which, in turn, "could endanger

future investigations").

### III.  CONCLUSION

The Court concludes that the USCIS properly has withheld information from the

one-page TECS screen printout, and its second renewed motion for summary judgment therefore

will be granted.  Now that the Court has ruled on all motions and no matters are outstanding, and

because each agency has demonstrated its compliance with the FOIA and entitlement to

judgment as a matter of law, final judgment will be entered in favor of the defendants.  An Order

consistent with this Memorandum Opinion and with prior opinions and orders of this Court will

be issued this same day.


/s/_____
PAUL L. FRIEDMAN
DATE:   September 28, 2012             United States District Judge